UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEMETRLOS POLITIS, et al.,        )
                                  )
            Plaintiffs,           )
                                  )
      vs.                         )     No. 4:06-CV-1065 (CEJ)
                                  )
JOSEPH HUFFMYER, et al.,          )
                                  )
            Defendants.           )

**MEMORANDUM & ORDER**

This matter is before the Court on the motion to dismiss filed by defendants Joseph Huffmyer and Chad Huffmyer. Plaintiffs have filed a response and the issue have been fully briefed.

Plaintiffs' amended complaint alleges that defendant Joseph Huffmyer committed fraud by making misrepresentations to plaintiffs regarding the formation of Sovereign Imaging of St. Louis, L.P. ("Sovereign"), a medical imaging business. Plaintiffs also claim that defendant Chad Huffmyer conspired with Joseph Huffmyer in his fraudulent endeavors and that the Huffmyers breached fiduciary duties owed to the plaintiffs. In addition to damages, plaintiffs seek indemnification from the Huffmyers and a constructive trust over the assets of Sovereign.[1]

---

[1] Plaintiffs make additional claims in their complaint which are not relevant for purposes of this motion to dismiss. These claims mainly pertain to the defendants in this case who have filed an answer to plaintiff's complaint: (1)Sovereign Imaging, L.L.C. (a general partner of Sovereign); (2) Sovereign Surgical Holdings, L.P. (managing member of Sovereign Imaging, L.L.C); (3) Sovereign Surgical, Inc. (a general partner of Sovereign Surgical Holdings, L.P.); and (4) Jeremy Hogue (President of Sovereign Surgical, Inc.).

Defendants Joseph and Chad Huffmyer contend that plaintiffs failed to plead fraud and conspiracy to commit fraud with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Defendants also argue that plaintiffs failed to state a claim on their remaining counts.

**I. Background**

Plaintiffs claim that, from 2004 to 2006, defendants Joseph and Chad Huffmyer conspired to commit fraud against plaintiffs. As part of their alleged scheme, Joseph Huffmyer made false statements to plaintiffs concerning the formation of Sovereign. Specifically, Joseph Huffmyer gave false statements to plaintiffs regarding the quality of certain equipment that was to be purchased and used by Sovereign. The actual quality of the equipment purchased was "materially inferior" than the quality represented to the plaintiffs. Although plaintiffs did not elaborate in their complaint, their response to this motion explains that plaintiffs were told that Sovereign would purchase state of the art imaging equipment worth over $1.2 million. Instead, Sovereign leased older equipment worth less than $150,000.

During this same time period, Joseph Huffmyer also allegedly made false statements to plaintiffs regarding "the operations and profitability of Sovereign Imaging," as well as the experience and qualifications of the other defendants. According to plaintiffs' response, Huffmyer presented false business models to plaintiffs, which showed that Sovereign was likely to generate large revenue with high profit.

Relying on these statements, plaintiffs became limited partners of Sovereign, investing substantial sums of money in the partnership. Plaintiffs also "entered into additional agreements pursuant to their role as limited partners". As a result, plaintiffs lost a significant amount of money when Sovereign failed to live up to the alleged promises of the Huffmyers.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## III. Discussion

The Court will first consider whether plaintiffs' fraud (Count I) and conspiracy to commit fraud (Count II) claims have been pleaded with the particularity required by Fed. R. Civ. P. 9(b).

"In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The circumstances constituting fraud include "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." <u>Bennett v. Berg</u>, 685 F.2d 1053, 1062 (8th Cir. 1981), modified on reh'g, 710 F.2d 1361 (8th Cir. 1983). The complaint must "identify who, what, where, when, and how." <u>U.S. ex rel. Costner v. United States</u>, 317 F.3d 883, 888 (8th Cir. 2003). This amount of detail is required in order to "enable the defendant to respond specifically and quickly to potentially damaging allegations." Indeed, Rule 9(b) "demands a higher degree of notice than that required for other claims." <u>Id.</u> A fraud claim must put defendant on notice of the "particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." <u>Id.</u> at 889 (internal citations omitted).

Plaintiffs' fraud claims in Count I deal with defendants' allegedly fraudulent statements concerning: (1) the quality of equipment to be purchased and used by Sovereign; and (2) the

-4-

experience and qualifications of each of the defendants. The relevant paragraphs are as follows:

> ¶12) Over a period of time spanning from 2004 to 2006, defendant [made false statements] regarding certain equipment to be purchased and/or leased and operated by Sovereign Imaging of St. Louis, L.P. Specifically, Huffmyer represented that the equipment to be purchased would be of a particular quality, but the equipment was of a quality materially inferior to the quality represented by Huffmyer.
>
> ¶13) Over a period of time spanning from 2004 to 2006, defendant [made false statements] regarding the operations and profitability of Sovereign Imaging, L.P. and regarding the capabilities of and warranted performance of defendants Sovereign Surgical Holdings, L.P., Sovereign Imaging L.L.C. and Sovereign Surgical, Inc., all relative to the operations of Sovereign Imaging of St. Louis, L.P. Specifically, Huffmyer represented that each such defendant was qualified and experienced in the operation of a medical imaging facility and would devote their best efforts to the success of Sovereign Imaging, L.P. and to fulfilling their duties to Sovereign Imaging...and its limited partners, the plaintiffs.
>
> ¶20) [U]pon information and belief, Huffmyer has engaged in a repeated scheme and plan by making similar representations to others to induce them to form limited partnerships and enter into other related agreements.

Plaintiffs continue to state that Huffmyer's representations as set forth above were false and were knowingly made with the intent to induce plaintiffs into becoming limited partners of Sovereign.

The Court finds that plaintiffs' fraud claims in Count I do not state the circumstances of fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b). First, plaintiffs' claim that

defendants made false statements regarding the quality of the equipment clearly fails to "identify the who, what, where, when, and how" of the alleged fraud. See Ex rel. Costner, 317 F.3d at 888. While plaintiffs did identify who made the statements, along with a very generalized statement of what the statements contained, they did not even attempt to specify where the statements were made, nor how they were made. Plaintiffs' allegation that the statements were made between 2004 and 2006 is also troubling. Based on the complaint, defendants know only that they must prepare a defense against statements made by Joseph Huffmyer at an unspecified place, sometime during a two-year period, and in an unspecified manner.

Plaintiffs' claim also fails to identify the specific equipment which was the subject matter of the alleged misrepresentations. In Parnes v. Gateway 2000, Inc., 122 F.3d 539 (8th Cir. 1997), the Eighth Circuit Court of Appeals found that the complaint did not satisfy Rule 9(b)'s particularity requirement where it alleged that the defendant purchased "products" at inflated prices to artificially increase profits. The Court found that the complaint failed to identify which products were purchased or when those purchases took place. Just as the plaintiffs in Parnes used the generalized term "products", plaintiffs' here use the generalized term "equipment". Plaintiffs' claim involving the medical equipment simply does not put defendants on a sufficiently high degree of notice to defend against the charge.

Plaintiffs' claim that defendants misrepresented the qualifications and experience of the other defendants comes closer but still fails to satisfy Rule 9(b). Although plaintiffs elaborated a little more on the subject matter of the alleged statements, plaintiffs still do not identify where or how the statements took place. Further, plaintiffs again fail to narrow down the time frame in which they allege the fraudulent behavior occurred.

Finally, plaintiffs' state that "upon information and belief," Huffmyer made similar representations to others. "Where allegations of fraud are explicitly [or] implicitly based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief." Parnes, 122 F.3d at 550. Plaintiffs have not done either. Count I of the complaint does not satisfy Rule 9(b)'s particularity requirement.

Count II of the complaint suffers from the same problems as Count I. In Count II, plaintiffs allege that defendant Chad Huffmyer and defendant Sovereign Imaging, L.L.C., both conspired with Joseph Huffmyer to commit fraud. Plaintiffs make no further factual allegations of fraud other than those made in Count I. Therefore, the deficiencies in Count I of plaintiffs' complaint also require a finding that Count II does not satisfy Rule 9(b).

Plaintiffs argue in their response to this motion that, should their claims fail Rule 9(b)'s requirements, they should be given an opportunity to amend prior to dismissal. Leave to amend the complaint should be granted freely "when justice so requires."

-7-

See Fed. R. Civ. P. 15(a).  Indeed, the Eighth Circuit Court of Appeals has suggested that the proper remedy for complaints which fail to satisfy Rule 9(b) may be to allow plaintiff the opportunity to cure those defects in an amended complaint.  See Bennett, 685 F.2d at 1062.  Other courts have also endorsed this idea.  See Gunderson v. ADM Investor Services, Inc., 1997 WL 570453 at *11 (N.D. Iowa 1997).  However, the Court need not invite an amended complaint "when plaintiff has not moved to amend and submitted a proposed amended pleading."  Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913-14 (8th Cir. 2002)(affirming denial of leave to amend when plaintiff only sought to amend at the conclusion of his response to the motion to dismiss).

Plaintiffs have not filed a motion to amend pursuant to Fed. R. Civ. P. 15(a), nor have they submitted a proposed amended complaint for review.  Ordinarily, the Court would not consider plaintiffs' request to amend, because the memorandum in opposition to the motion to dismiss is not the appropriate vehicle for seeking leave to amend their complaint.  However, defendants Joseph Huffmyer and Chad Huffmyer have not challenged Count VI of the complaint.[2]  Therefore, even if the Court were to dismiss these counts, defendants would still be required to answer plaintiffs' complaint.  In this instance, because defendants would still be involved in this case either way, the Court feels that the better

---

[2]Count VI seeks injunctive relief against all defendants, restraining them from accessing a bank account established for Sovereign's use.  Plaintiffs specifically pleaded that defendants Joseph Huffmyer and Chad Huffmyer may have access to the account.

-8-

approach is to allow plaintiffs to amend their complaint rather than dismissing the inadequate claims and proceeding on the unchallenged one.

The Court finds that addressing the remainder of defendants' challenges at this time is unnecessary. Most of the remaining counts rely, to some extent, upon plaintiffs' allegations of fraud. Thus, it is likely that additional details set forth in an amended complaint would impact not only the fraud claim, but also plaintiffs' other claims. These issues are more appropriately addressed after plaintiffs have filed their amended complaint. Therefore, although defendants' motion to dismiss is denied, it is not a denial on the merits of defendants' claims. Defendants may reassert their claims following the filing of the amended complaint, and the Court will consider them at that time. However, the Court will not limit defendants' renewed motion to only those claims already made. Likewise, the Court will not limit plaintiffs to re-pleading only the fraud and conspiracy counts.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Joseph Huffmyer and Chad Huffmyer's motion to dismiss [#13] is **denied without prejudice**.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **January 15, 2007**, to file a second amended complaint with respect to their claims of fraud and conspiracy to commit fraud.

**IT IS FURTHER ORDERED** that defendants Joseph Huffmyer and Chad Huffmyer shall have ten days after the filing of the amended complaint in which to file an answer or other responsive pleading.

**IT IS FURTHER ORDERED** that defendants Sovereign Imaging, L.L.C., Sovereign Surgical Holdings, L.P., Sovereign Surgical, Inc., and Jeremy Hogue, shall have ten days after the filing of the amended complaint to file an amended answer.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2007.